**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID NOLAND,

      Plaintiff-Appellant,

v.

JOE ORTIZ,

      Defendant-Appellee.

No. 07-1221
(D.C. No. 07-cv-00572-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

      Proceeding pro se, David Noland appeals the district court's dismissal of his 42 U.S.C. § 1983 action against Joe Ortiz, executive director of the Colorado Department of Corrections. Because Noland fails to present a nonfrivolous claim, we **AFFIRM** the district court.

---

      [*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

This appeal arises, somewhat tangentially, from Noland's October 21, 1998, Colorado state court conviction, based on a guilty plea, for cocaine possession. In February 1999, the state court sentenced Nolan to six years' imprisonment. Although he never directly appealed his conviction or sentence, Noland did repeatedly seek post-conviction relief from the Colorado state courts. He filed the first of these motions on June 7, 2000, sixteen months after his sentencing, and two more motions followed thereafter. The state district court consolidated the motions and denied relief, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari.

Noland then filed a federal habeas corpus petition in December 2003, which the district court denied because the one-year habeas filing period under 28 U.S.C. § 2244(d) had passed. We denied Noland's subsequent petition for a Certificate of Appealability as well as his motion to proceed in forma pauperis. See Noland v. Colo. Dep't of Corr., No. 04-1099, 2004 WL 2368085 (10th Cir. Oct. 22, 2004) (unpublished).

In the present action, brought under 42 U.S.C. § 1983,[1] Noland claims that his constitutional rights were violated when the State of Colorado allegedly amended his six-year prison term to include an additional three years'

---

[1] Although Noland's filings in the district court suggest that he may have been incarcerated when he initiated this action, his complaint invokes only § 1983; it cannot be read as a second habeas petition. We also note that by the time Noland filed the notice of appeal in this case, he had already been released.

imprisonment. Noland also argues that the writ of habeas corpus was unconstitutionally suspended because the district court dismissed his prior habeas petition as time barred. Finding that his § 1983 claim was legally frivolous, the district court dismissed Noland's claims sua sponte.

A federal court must, on its own initiative, dismiss a case or appeal whenever it determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous only if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The law governing Noland's two related claims leaves no arguable basis upon which he can proceed. First, regarding Noland's primary claim that Colorado somehow meted out an unconstitutional "additional term of incarceration" beyond that imposed by the trial court, we liberally construe his complaint to allege a challenge to either a period of mandatory parole or the revocation of that parole. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (courts must construe pro se complaints liberally). To the extent that Noland raises either challenge, we note simply that the appropriate avenue to pursue such a claim was a timely petition for habeas relief, rather than a long-belated § 1983 suit. See Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Noland's second claim, that the one-year filing period of § 2244(d) unconstitutionally suspended the writ of habeas corpus, is likewise without merit.

This is so because Noland cannot show that the one-year filing limitation, as applied to his case, renders the statute "inadequate or ineffective to test the legality of [his] detention." See Millar v. Marr, 141 F.3d 976, 977 (10th Cir. 1998). Moreover, as the district court noted, this argument should have been raised in Noland's petition to this court for a Certificate of Appealability after dismissal of his habeas petition, not in a new suit filed years later.

Finally, because Noland fails to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted), we deny his motion to proceed on appeal in forma pauperis.

For these reasons, the judgment of the district court is **AFFIRMED**. Noland's motion to proceed in forma pauperis is **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-4-